**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0785-24

ZION "ELIYAH YAH" TORAH,
f/k/a FRANCISCO RAWLINGS,
and FRANCISCO RAWLINS,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 13, 2026 – Decided June 5, 2026

Before Judges Gummer and Vanek.

On appeal from the New Jersey Department of Corrections.

Zion "Eliyah Yah" Torah, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Deborah E. Wassel, Assistant Attorney General, of counsel; Hilary E. Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Zion "Eliyah Yah" Torah, incarcerated since 1999, appeals from an April 17, 2025 final agency decision of the New Jersey Department of Corrections (DOC) denying his application for change in his custody classification at South Woods State Prison. We affirm.

On September 25, 2024, the South Woods State Prison Institutional Classification Committee (ICC) denied petitioner's request for full minimum custody status. Petitioner's subsequent grievance and administrative appeal were denied. This appeal followed.

On February 24, 2025, we granted the DOC's remand motion for the limited purpose of allowing submission of an amplified ICC decision. On April 17, 2025, the DOC issued a final, amplified ICC decision.

Petitioner was transferred to Bayside State Prison on May 31, 2025.[1] He then moved for an order allowing him to proceed with this appeal, arguing the appeal was not moot even though he had been transferred. The DOC moved to dismiss the appeal on mootness grounds. We denied the DOC's motion and granted petitioner's motion to proceed with this appeal.

---

[1] Petitioner's separate appeal of his custody classification status at Bayside State Prison is pending under Docket No. A-0551-25.

A-0785-24

Petitioner argues on appeal the ICC's denial of full minimum custody at South Woods State Prison was arbitrary, capricious, and tantamount to a permanent ban.  Additionally, for the first time on appeal, petitioner alleges he was entitled to commutation credits at South Woods State Prison and that he was deprived of "community release" earnings.

"Our review of an administrative agency's final determination is limited." Columbia Fruit Farms, Inc. v. Dep't of Cmty. Affs., 470 N.J. Super. 25, 36 (App. Div. 2021).  In reviewing an agency decision, we determine:  "1) whether the decision is consistent with the agency's governing law and policy; 2) whether the decision is supported by substantial evidence in the record; and 3) whether, in applying the law to the facts, the agency reached a decision that could be viewed as reasonable."  Id. at 37.  "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'"  Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also M.R. v. N.J. Dep't of Corr., 261 N.J. 322, 337 (2025).

The challenger of the agency decision bears the burden of proving the decision was "arbitrary, unreasonable or capricious."  In re M.M., 463 N.J.

A-0785-24

Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We are not bound by an agency's statutory interpretation or other legal determinations; we review those de novo. Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018).

"[U]nder New Jersey law, a reduction in custody status is a matter of privilege, not of right." Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 30 (App. Div. 2001); see also N.J.A.C. 10A:9-4.2. "An inmate has no liberty interest in a particular custody level." See Shabazz v. N.J. Dep't of Corr., 385 N.J. Super. 117, 124 (App. Div. 2006). Accordingly, the ICC is not required to "automatically grant a reduction in custody status to every inmate who is eligible for consideration." N.J.A.C. 10A:9-4.5(c). Indeed, "[c]lassification of prisoners and the decision as to what privileges they will receive rests solely within the discretion of the Commissioner of the [DOC]." Smith, 346 N.J. Super. at 30 (citing N.J.S.A. 30:1B-6; N.J.S.A. 30:4-91.1).

Each correctional facility has its own classification committee that determines the status of each incarcerated person based on the needs and circumstances of that facility. See N.J.A.C. 10A:9-3.2 (providing for the composition of ICCs "at each of the correctional facilities"); N.J.A.C. 10A:9-3.3 (providing the custody-status decision-making criteria). An ICC is not

required to "automatically grant a reduction in custody status to every inmate who is eligible for consideration." N.J.A.C. 10A:9-4.5(c). The facility's ICC makes custody-status classifications by applying the non-exhaustive factors set forth in N.J.A.C. 10A:9-3.3(a). Smith, 346 N.J. Super. at 31. Those factors include "objective classification scoring results," the "nature and circumstance of [the] present offense," the inmate's prior offense record, their "[h]istory of escape, attempted escape, or propensity for escape," and their age and any disciplinary history. N.J.A.C. 10A:9-3.3(a).

The ICC's denial of petitioner's request for full minimum custody status was not arbitrary, capricious, or unreasonable. We decline to disturb the ICC's custody status determination, as it properly applied the relevant regulatory criteria to the undisputed facts surrounding petitioner's custody and articulated the reasons for its decision. See Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003) (requiring an agency "disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken").

In its amplified decision, the ICC recounted petitioner's extensive criminal history and noted the denial of his 2023 application for reduction in custody because he continued to display violent tendencies and impulsive behavior while

A-0785-24

incarcerated. The ICC found petitioner's prior jail escape history was significant. The ICC also concluded "[petitioner] will be unable to conduct himself appropriately if afforded a less restrictive custody status," noting "it is likely that, if [petitioner] is accorded full minimum status, he will engage in impermissible and/or aggressive conduct that will interfere with the safe order operation of the DOC facility and will endanger the safety of the community at large." The ICC's initial denial also incorporated "objective classification scoring results," N.J.A.C. 10A:9-3.3(a)(1), that credited petitioner's age, program participation, and the number of disciplinary reports issued against him.

Petitioner claims the ICC's reliance on his prior criminal history for the denial demonstrates his current custody status is effectively permanent because he "can never change his current and pas[t] criminal offenses." The ICC was entitled to consider petitioner's past conduct in making its custody determination. See N.J.A.C. 10A:9-3.3(12); N.J.A.C. 10A:9-4.5(2). Moreover, consideration of this factor in denying the request at issue does not automatically preclude a future reduction in custody status. See Smith, 346 N.J. Super. at 32 (noting a denial of reduction in custody status is not a "final, immutable determination"); N.J.A.C. 10A:9-3.5(f) (providing for recurrent "case review

and revaluation"); N.J.A.C. 10A:9-3.5(e) (requiring re-administration of objective classification scoring if "the reasons for the [past] override cease to apply within six months").

We reject the DOC's renewed argument that petitioner's claim is moot. There is insufficient evidence in the record that prior custody-classification determinations cannot be considered at other facilities. See N.J.A.C. 10A:9-3.3(13) (providing for ICC's consideration of "[r]ecords of previous confinement"); Shabazz, 385 N.J. Super. at 122 (holding "collateral consequences" of custody-status determinations are "sufficient to raise a justiciable controversy").

We decline to address petitioner's newly-minted claim he was denied commutation credits or "community release" earnings at South Woods State Prison. See Abbot v. Burke, 119 N.J. 287, 390 (1990). Any other arguments not specifically addressed in this opinion lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0785-24